# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JAWANZA SMITH, CARLO BURNEY, BRIAN WYNN, CARLON LEWIS and STANLEY HILL,** | : : : : : | |
| **Plaintiffs,** | : : | Civil Action File No. |
| **vs.** | : : : | |
| **IDEAL TOWING, LLC, MICHAEL JAMES and TISHJA JAMES,** | : : : : | Jury Trial Demanded |
| **Defendants.** | : : | |

---

## COMPLAINT

COME NOW Plaintiffs Jawanza Smith, Carlo Burney, Brian Wynn, Carlon Lewis and Stanley Hill (collectively "Plaintiffs"), by and through their attorneys, and assert their claims against Defendants Ideal Towing, LLC, Michael James and Tishja James (collectively "Defendants") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for due but unpaid minimum and overtime wages and other relief, and on the grounds set forth as follows:

1

## INTRODUCTION

### 1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. by Plaintiffs, former tow truck drivers employed by Defendants Ideal Towing, LLC, Michael James and Tishja James based on Defendants' misclassifying Plaintiffs as independent contractors and therefore exempt from the FLSA's minimum wage and overtime pay requirements. As a result, Plaintiffs regularly received less than $7.25 per hour during each workweek and regularly worked in excess of forty (40) hours per workweek without receiving overtime wages as required by the FLSA.

### 2.

Plaintiffs also assert claims pursuant to 26 U.S.C. § 7434 for Defendants willfully filing fraudulent tax information returns with respect to each Plaintiffs' earnings in the tax years 2011-2015.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.

S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Ideal Towing, LLC's principal place of business is located in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

5.

Plaintiff Jawanza Smith ("Smith") is a natural person who resides in Fulton County, Georgia.

6.

Plaintiff Carlo Burney ("Burney") is a natural person who resides in DeKalb County, Georgia.

7.

Plaintiff Brian Wynn ("Wynn") is a natural person who resides in DeKalb County, Georgia.

8.

Plaintiff Carlon Lewis ("Lewis") is a natural person who resides in DeKalb County, Georgia.

9.

Plaintiff Stanley Hill ("Hill") is a natural person who resides in Douglas County, Georgia.

10.

Defendant Ideal Towing, LLC is a domestic Limited Liability Company organized under the laws of the State of Georgia.

11.

Defendant Ideal Towing, LLC can be served with process via its registered agent Michael James at his business address of 7199 Maddox Road, Lithonia, Georgia 30058, his personal address of 2727 Downing Wood Lane, Grayson, Georgia 30017 or wherever he may be found.

12.

Defendant Ideal Towing, LLC is subject to the personal jurisdiction of this Court.

13.

Defendant Michael James is an owner of Defendant Ideal Towing, LLC.

14.

Defendant Michael James is the registered agent for Defendant Ideal Towing, LLC.

15.

Defendant Michael James may be served with process at his business address of 7199 Maddox Road, Lithonia, Georgia 30058, his personal address of 2727 Downing Wood Lane, Grayson, Georgia 30017 or wherever he may be found.

16.

Defendant Michael James is subject to the personal jurisdiction of this Court.

17.

Defendant Tishja James is an owner of Defendant Ideal Towing, LLC.

18.

Defendant Tishja James is an "Authorized Person" for Defendant Ideal Towing, LLC and filed the annual registration for Ideal Towing, LLC with the Georgia Secretary of State.

19.

Defendant Tishja James may be served with process at her business address of 7199 Maddox Road, Lithonia, Georgia 30058, her personal address of 2727 Downing Wood Lane, Grayson, Georgia 30017 or wherever she may be found.

20.

Defendant Tishja James is subject to the personal jurisdiction of this Court.

21.

At all times material hereto, Defendants have jointly operated a tow truck service doing business as Ideal Towing whose principal place of business is located at 7199 Maddox Road, Lithonia, Georgia 30058.

## INDIVIDUAL COVERAGE

22.

At all times material hereto, Plaintiffs were "engaged in commerce" as employees of Ideal Towing, LLC as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

Specifically, Plaintiffs regularly operated tow trucks to provide towing services for disabled vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

6

## ENTERPRISE COVERAGE

24.

At all times material hereto, Ideal Towing, LLC has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

25.

During 2013, Ideal Towing, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Ideal Towing, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Ideal Towing, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2016, Ideal Towing, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Ideal Towing, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Ideal Towing, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2015, Ideal Towing, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2016, Ideal Towing, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

33.

Specifically, at all times material hereto, Ideal Towing, LLC had two or more employees who regularly provided towing services for disabled vehicles on

Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

34.

During 2013, Ideal Towing, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Ideal Towing, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

During 2015, Ideal Towing, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2016, Ideal Towing, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

At all times material hereto, Ideal Towing, LLC has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## STATUTORY EMPLOYER ALLEGATIONS

39.

Plaintiff Smith worked for Ideal Towing, LLC as a tow truck driver from approximately 2011 until approximately March 18, 2016.

40.

Plaintiff Burney worked for Ideal Towing, LLC as a tow truck driver from approximately May, 2012 until approximately July, 2015.

41.

Plaintiff Wynn worked for Ideal Towing, LLC as a tow truck driver from approximately November, 2014 until approximately March, 2016.

42.

Plaintiff Lewis worked for Ideal Towing, LLC as a tow truck driver from approximately April, 2014 until approximately February, 2015.

43.

Plaintiff Hill worked for Ideal Towing LLC as a tow truck driver from approximately 2011 until approximately February, 2014.

44.

At all times material hereto, the work performed by Plaintiffs was integral to Ideal Towing, LLC's business purpose (*i.e.*, a towing company).

45.

At all times material hereto, Plaintiffs did not invest in Ideal Towing, LLC's business such that they shared any significant risk of loss.

46.

At all times material hereto, Plaintiffs did not utilize any special skills in the course of their work for Ideal Towing, LLC.

47.

At all times material hereto, Plaintiffs did not exercise independent business judgment in the course of their work for Ideal Towing, LLC.

48.

At all times material hereto, Plaintiffs did not possess commercial driver's licenses and possession of such licenses was not required by Defendants to perform the duties of tow truck driver.

49.

At all times material hereto, Ideal Towing, LLC exercised significant, if not total control over the amount of Plaintiffs' pay.

50.

At all times material hereto, Ideal Towing, LLC exercised significant, if not total control over Plaintiffs' work hours.

51.

At all times material hereto, Ideal Towing, LLC exercised significant control over how each Plaintiff's work was performed.

52.

At all times material hereto, Ideal Towing, LLC was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

53.

At all times material hereto, each Plaintiff was an "employee" of Ideal Towing, LLC as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

54.

At all times material hereto, Defendant Michael James exercised operational control over the work activities of each Plaintiff.

55.

At all times material hereto, Defendant Michael James was involved in the day to day operation of Ideal Towing, LLC.

56.

At all times material hereto, Defendant Ideal Towing, LLC vested Defendant Michael James with supervisory authority over each Plaintiff.

57.

At all times material hereto, Defendant Michael James exercised supervisory authority over each Plaintiff.

58.

At all times material hereto, Defendant Michael James scheduled each Plaintiff's working hours and/or supervised the scheduling of each Plaintiff's working hours.

59.

At all times material hereto, Defendant Michael James exercised authority and supervision over each Plaintiff's compensation.

60.

At all times material hereto, Defendant Michael James was an "employer" of each Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13

61.

At all times material hereto, each Plaintiff was an "employee" of Defendant Michael James as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

62.

At all times material hereto, Defendant Tishja James exercised operational control over the work activities of each Plaintiff.

63.

At all times material hereto, Defendant Tishja James was involved in the day to day operation of Ideal Towing, LLC.

64.

At all times material hereto, Defendant Ideal Towing, LLC vested Defendant Tishja James with supervisory authority over each Plaintiff.

65.

At all times material hereto, Defendant Tishja James exercised supervisory authority over each Plaintiff.

66.

At all times material hereto, Defendant Tishja James scheduled each Plaintiff's working hours and/or supervised the scheduling of each Plaintiff's working hours.

67.

At all times material hereto, Defendant Tishja James exercised authority and supervision over each Plaintiff's compensation.

68.

At all times material hereto, Defendant Tishja James was an "employer" of each Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

69.

At all times material hereto, each Plaintiff was an "employee" of Defendant Tishja James as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## **FACTUAL ALLEGATIONS**

70.

At all times material hereto, each Plaintiff worked between five and seven days per week and worked sixty (60) to seventy-two (72) hours per week on average, sometimes more.

71.

At all times material hereto, each Plaintiff never left the State of Georgia to tow any vehicles.

72.

At all times material hereto, each Plaintiff (except Lewis) towed a vehicle out of the State of Georgia less than once each year on average.

73.

Plaintiff Lewis never towed a vehicle out of the State of Georgia while working for Ideal Towing, LLC.

74.

At all times material hereto, each Plaintiff was required by Defendants to wear Defendants' Ideal Towing uniform while performing towing services for Defendants.

75.

Defendants charged each Plaintiff uniform rental and cleaning fees for the uniforms Defendants required Plaintiffs to wear while working for Defendants.

76.

The requirement that Plaintiffs wear Defendant Ideal Towing's uniforms was imposed primarily for the benefit or convenience of Defendants. 29 C.F.R. § 531.3(d)(1) and (2).

77.

Plaintiffs did not solicit customers themselves, and all Plaintiffs' efforts were directed at serving the customers of Defendants.

78.

All materials necessary for Plaintiffs to perform their jobs as tow truck drivers, including the tow trucks, were provided to Plaintiffs by Defendants.

79.

Prior to 2016, Defendants claimed to compensate Plaintiffs by paying each Plaintiff a commission of 30% of the towing fee received by Defendants from its customers on each towing job worked by each Plaintiff.

80.

Defendants never provided Plaintiffs with any proof that the actual amounts paid to each Plaintiff were in fact 30% of the towing fee received by Defendants

81.

Plaintiffs Smith and Hill were paid a flat fee of $400 per week during the time periods they worked night shifts instead of 30% of the towing fee received by Defendants.

82.

The $400 flat fee paid to Plaintiffs Smith and Hill for working the night shift resulted in an hourly rate of approximately $5.55 per hour each workweek.

83.

Prior to January, 2016, Defendants classified each Plaintiff as an independent contractor and issued each Plaintiff an IRS Form 1099-MISC each year reflecting the amounts paid to each Plaintiff.

84.

Beginning in January, 2016, Defendants reclassified its tow truck drivers, including Plaintiffs Smith and Wynn, as employees who were paid wages.

85.

Prior to January, 2016, Plaintiffs Smith and Wynn received no pay or compensation while on duty and waiting for towing assignments.

86.

Beginning in January, 2016 Defendants began paying Plaintiffs Smith and Wynn wages, but at less than the rate of $7.25 per hour worked each work week by Smith and Wynn.

87.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion or the entirety of their earnings in commission each week.

88.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings (if any) be divided by the total hours worked in order to determine the regular hourly rate.

89.

During each applicable pay period, Defendants failed to calculate a regular rate for each Plaintiff by dividing the sum total of the commission earned and other earnings (which, prior to January, 2016 was none) by the total hours worked.

90.

Each Plaintiff's regular hourly rate of pay was usually below the minimum wage of $7.25 per hour in most workweeks.

91.

29 U.S.C. § 207(a) requires that covered employers pay their employees at least time and one half of the employee's regular hourly rate of pay for all hours worked in excess of forty (40) in any given workweek, and pursuant to 29 U.S.C.

§206(a)(1)(C), that regular hourly rate of pay cannot be less than the minimum wage of $7.25 per hour.

92.

In most workweeks, Defendants failed to compensate each Plaintiff at a pay rate equal to or above the minimum wage rate of $7.25 per hour for all hours worked up to forty (40) in any given workweek.

93.

In most workweeks, Defendants failed to compensate each Plaintiff at an overtime pay rate equal to or above the minimum overtime wage rate of $10.875 per hour for all hours worked by each Plaintiff in excess of forty (40) in any given workweek.

94.

At all times material hereto, each Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

95.

At all times material hereto, each Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

96.

At all times material hereto, Ideal Towing, LLC did not employ any Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213(a).

97.

At all times material hereto, Ideal Towing, LLC did not employ any Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

98.

At all times material hereto, Ideal Towing, LLC did not employ any Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

99.

At all times material hereto, Ideal Towing, LLC did not employ any Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213(a).

100.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption, 29 U.S.C. § 213(b).

101.

At all times material hereto, each Plaintiff's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act, 49 U.S.C. § 10521.

102.

At all times material hereto, Ideal Towing, LLC was not an operator within the purview of the Motor Carrier Act, 49 U.S.C. § 3102.

103.

At all times material hereto, each Plaintiff did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act, 49 U.S.C.A. § 31132(1).

**CLAIMS FOR RELIEF**

**COUNT ONE**

**VIOLATION OF 29 U.S.C. §§ 206 AND 215 AGAINST ALL DEFENDANTS**
**(Minimum Wage Violations)**

104.

Paragraphs 1 through 103 are incorporated herein by this reference.

105.

At all relevant times, each Plaintiff was entitled to be paid a minimum of $7.25 for each of the first forty (40) hours worked each workweek for Defendants.

106.

Defendants regularly failed to pay each Plaintiff the equivalent of $7.25 per hour free and clear for each of the first forty (40) hours worked for Defendants in any and all given workweeks.

107.

The amounts charged by Defendants for Plaintiffs' use of Ideal Towing, LLC's uniforms further reduced each Plaintiff's compensation below minimum wage and violates the 29 U.S.C. § 206, 29 C.F.R. §§ 531.35 and 531.36(b).

108.

Defendants' failure to compensate each Plaintiff the equivalent of $7.25 per hour for each of the first forty (40) hours worked for Defendants in any and all given workweeks constitute violations of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

109.

With respect to each Plaintiff, each Defendants' violations of §§ 206 and 215 of the Fair Labor Standards Act were intentional and willful.  Said violations give rise to claims for relief under the FLSA for unpaid minimum wages compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation,

declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

## VIOLATION OF 29 U.S.C. §§ 207 AND 215 AGAINST ALL DEFENDANTS
(Overtime Pay Violations)

110.

Paragraphs 1 through 103 are incorporated herein by this reference.

111.

Throughout each Plaintiff's employment with Defendants, each Plaintiff regularly worked in excess of forty (40) hours per week.

112.

Defendants were legally required to pay each Plaintiff at the rate of time and one half of the minimum wage rate for all hours worked in excess of forty (40) in any and every given workweek.

113.

Defendants paid each Plaintiff no wages at all for the overtime hours worked by each of them.

114.

The amounts charged by Defendants for Plaintiffs' use of Ideal Towing, LLC's uniforms further reduced each Plaintiff's compensation below the statutory minimum overtime wage and violates the 29 U.S.C. § 207 and 29 C.F.R. § 531.37.

115.

Defendants have failed and refused to adequately compensate each Plaintiff at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

116.

Defendants' failure to compensate each Plaintiff at the overtime rate of time and one half of minimum wage for all hours actually worked over forty (40) hours per week constitute violations of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violations are intentional and willful.  Said violations give rise to claims for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT THREE

## FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434 AGAINST ALL DEFENDANTS

### 117.

Paragraphs 1 through 103 are incorporated herein by this reference.

### 118.

At all times material hereto, the economic realities of the work relationship between Plaintiffs and Defendants reveal Plaintiffs to have been employees of Defendant Ideal Towing, LLC.

### 119.

Prior to January, 2016, Ideal Towing, LLC has classified each Plaintiff as an independent contractor, and not as an employee.

### 120.

Prior to January, 2016, Ideal Towing, LLC has fraudulently misclassified each Plaintiff as an independent contractor.

### 121.

In 2012, 2013, 2014, 2015 and 2016, Defendants willfully filed Forms 1099-MISC with the Internal Revenue Service categorizing certain monies paid to each Plaintiff in calendar years in which they worked as nonemployee compensation.

26

122.

Defendants' classification of each Plaintiff's income as nonemployee compensation in the Forms 1099-MISC was knowingly false and fraudulent.

123.

Defendants' fraudulently misclassified each Plaintiff's income as nonemployee compensation for Defendants' own wrongful enrichment.

**WHEREFORE**, Plaintiffs requests that this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that each Plaintiff was an employee of Defendants and was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)     Award each Plaintiff proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(f)     Award each Plaintiff proper payment for each overtime hour worked from three years preceding the filing of this Action, calculated at the rate of time and one half the applicable minimum wage which should have been paid to each Plaintiff by Defendants, and liquidated damages equaling 100% of the overtime wages due to each Plaintiff, as required by the FLSA;

(g)     Award each Plaintiff prejudgment interest on all amounts owed;

(h)     Award each Plaintiff nominal damages;

(i)     Award each Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

(j)     Find that each Defendant has violated 26 U.S.C. § 7434 by willfully filing fraudulent tax information returns with respect to each Plaintiff's earnings during each year it filed a Form 1099-MISC for that Plaintiff;

(k)     Award each Plaintiff no less than $5,000 for each fraudulent tax information return filed with respect to each Plaintiff's earnings during the relevant time period against each Defendant;

(l)     Award each Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 26 U.S.C. § 7434 against each Defendant; and

(m)     Award any and such other further relief this Court deems just, equitable

and proper.

Respectfully submitted this 26th day of April, 2016.

                                        */s/ Mitchell D. Benjamin*
                                        Mitchell D. Benjamin
                                        Georgia Bar No. 049888
                                        */s/ Michael A. Caldwell*
                                        Michael A. Caldwell
                                        Georgia Bar No. 102775

**DELONG, CALDWELL, BRIDGERS,**
**FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
michaelcaldwell@dcbflegal.com          ATTORNEYS FOR PLAINTIFFS

29