# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into by and between ***I-Tow & Transport, LLC*** and ***Ideal Towing, LLC*** together with their past, present, and future officers, employees, agents, assigns, parent companies, subsidiaries and corporate affiliates, as well as each of their respective current and former officers, directors, employees, shareholders, agents, predecessors, successors, assigns, and any and all affiliated entities, along with Tisha James and Michael James (collectively referred herein to as the "Company") and Jawanza Smith, Carlo Burney, Brian Wynn, Carlon Lewis and Stanley Hill (collectively referred herein to as the "Former Employees") and shall become effective immediately upon judicial approval.

## WITNESSETH

**WHEREAS**, on April 26, 2016, the Former Employees brought suit against the Company in the United States District Court for the Northern District of Georgia ("the Court") in a matter styled *Jawanza Smith, et al v. Ideal Towing, LLC, et al*, Civil Action No. 1:16-cv-01359-TWT ("the Litigation"); and

**WHEREAS** the Former Employees asserted claims against the Company in the Litigation arising out of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.;* and

**WHEREAS**, Company denies any liability or wrongdoing of any kind associated with Former Employees in the Litigation; and

**WHEREAS**, the Company and the Former Employees desire to settle any and all claims, set forth in the Litigation;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and agreements described in this Agreement, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1. Consideration.

    (1) In exchange for the Former Employees' acceptance and execution of the release and other terms and conditions set forth in this Agreement, the Company shall pay to Plaintiffs and their counsel the total

settlement amount of One Hundred Sixty One Thousand Dollars and No Cents ($161,000.00).

(2) Upon the later of June 1, 2018 or five (5) days after the Court's approval of this Agreement the Company shall deliver to the Former Employees' counsel a check made out to **Kevin D. Fitzpatrick, Jr. IOLTA** in the amount of Sixty Five Thousand Dollars and No Cents ($65,000.00).

(2) Beginning Sixty (60) days after payment of the above and continuing on the fifteenth day of each month thereafter until payment of the entire balance of principal and interest has been satisfied, the Company shall deliver to the Former Employees' counsel a check made out to **Kevin D. Fitzpatrick, Jr. IOLTA** in an amount of no less than Two Thousand Dollars and No Cents ($2,000.00).

(3) On June 1, 2019 and each June 1 thereafter until the entire balance including interest has been paid interest will be assessed at a rate of 6% of the outstanding balance due and then added to the balance due.

(4) Out of each payment, Plaintiff's former counsel will make the following allocations:

(a) To **Jawanza Smith**: 0.134630437 of each payment as follows:
   (i) Eight Thousand Seven Hundred Fifty Dollars and Ninety-Eight Cents ($8,750.98) of the down payment, and
   (ii) Two Hundred Sixty-Nine Dollars and Twenty Six Cents ($269.26) of each monthly payment of $2,000.00;

(b) To **Carlo Burney**: 0.121097903 of each payment as follows:
   (i) Seven Thousand Eight Hundred Seventy-One Dollars and Thirty-Six Cents ($7,871.36) of the down payment, and
   (ii) Two Hundred Forty-Two Dollars and Twenty Cents ($242.20) of each monthly payment of $2,000.00;

(c) To **Stanley Hill**: 0.044658019 of each payment as follows:
   (i) Two Thousand Nine Hundred Two Dollars and Seventy-Seven Cents ($2,902.77) of the down payment, and,
   (ii) Eighty-Nine Dollars and Thirty Two Cents ($89.32) of each monthly payment of $2,000.00;

(d) To **Carlon Lewis**: 0.035520271 of each payment as follows:
   (i) Two Thousand Nine Hundred Two Dollars and Seventy-Seven Cents ($2,902.77) of the down payment, and
   (ii) Seventy-One Dollars and Four Cents ($71.04) of each monthly payment of $2,000.00;

(e) To **Bryan Wynn**: 0.053301697 of each payment as follows:

Civil Action No. 1:16-cv-01359-TWT
Settlement Agreement between the Company and the Former Employees
Page 3 of 7

   (i) Three Thousand Four Hundred Sixty-Four Dollars and Sixty-One Cents ($3,464.60) of the down payment, and

   (ii) One Hundred Six Dollars and Sixty Cents ($106.60) of each monthly payment of $2,000.00;

  and

 (f) To **DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC**: 0.610791673 of each payment as follows:

   (i) Thirty-Nine Thousand Seven Hundred One Dollars and Forty-Six Cents ($39,701.46) of the down payment, and

   (ii) One Thousand Two Hundred Twenty-One Dollars and Fifty-Eight Cents ($1,221.58) of each monthly payment of $2,000.00;

 2. **Release.** Subject to the terms of this Agreement and in exchange for the Consideration Amount set forth in Paragraph 1 herein, the Former Employees on each Former Employee's own behalf and on behalf of each Former Employee's heirs, spouse, executors, administrators and agents (the" Releasors"), hereby releases and discharges the Company and its officers, directors, partners, members, shareholders, managers, employees, parent companies, subsidiaries, affiliates, predecessors in interest, representatives, and agents individually and collectively, and any other entities owned directly or indirectly by any of these entities or persons (the "Releasees"), and their attorneys and other representatives from any and all claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

 3. The Releasors agree to pay federal or state taxes, if any, which are required by law to be paid by the Releasors with respect to this settlement. The Releasors further agrees to indemnify and to hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Releasees by reason of any such claims, including any amounts paid by the Company as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, that arise out of tax payments owed by Releasor. Releasees have given no advice or guidance as to the taxability of payments made pursuant to this Agreement.

 4. Upon payment of all sums due pursuant to this Agreement the Former Employees agree to dismiss, with prejudice, the Civil Action and agrees that they will not attempt (or authorize an attempt) to re-initiate the claims set forth in the

Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed.

5. Judical Approval. The parties agree to submit this Agreement to the Court for judicial review and approval. The parties will therein request that the Court incorpoprate this Agreement into its Order approving it and retain jurisdiction thereafter to enforce it. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

6. Non-Disparagement.

   (a) The Former Employees will take no actions and make no statements, written or oral, expressed or implied, which are in any manner disparaging toward the Company or the released parties, or that are harmful to the reputation and interest of the Company.

   (b) The Company will take no actions and make no statements, written or oral, expressed or implied, which are in any manner disparaging toward any of the Former Employees, or that are harmful to the reputation and interest of any of the Former Employees.

7. In the event of a breach of any of the terms of the Agreement by any of the Former Employees or the Company, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

8. No Assignment. The Former Employees and the Company, recognizing that the truth of the following representation is material consideration upon which this Agreement is based, represent that, prior to executing this Agreement, they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof, or interest therein relating to any claims being released by any party to this Agreement, and agree to indemnify and hold the other party harmless from and against any and all claims based on or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims, or any portion thereof or interest therein.

9. No Admission. Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of the Company and the Company expressly denies any such liability. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

10. Severability. The terms and provisions of this Agreement are separate and severable. If any of the terms or provisions are determined to be unenforceable, the remaining terms and provisions shall remain fully effective and enforceable.

11. Governing Law. This Agreement shall be governed and construed in accordance with the laws of the State of Georgia. The parties agree that any lawsuit filed pursuant to this Agreement shall be filed in Georgia State Court, or in the United States District Court for the Northern District of Georgia.

12. Notice. All notices and communications contemplated by this Agreement shall be in writing and shall be deemed to have been duly given when received by or tendered by pre-paid courier or by United States registered or certified mail, return receipt requested, postage prepaid, addressed as follows:

**If to the Company:**     Earle Burke
The Burke Law Group, LLC
199 Peters Street
Suite A
Atlanta, GA 30313
404.688.1210

**If to Former Employees:** Kevin D. Fitzpatrick, Jr.
DeLong Caldwell Bridger Fitzpatrick & Benjamin. LLC
3100 Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
404.979.3150

13. Acknowledgements.

(a)  This Agreement may not be amended, supplemented, or modified in any manner, except in writing signed by each Former Employee and an authorized representative of the Company.

(b)  Should any provision in this Agreement or any provision of any agreement incorporated or referenced herein be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected, and the illegal or invalid part, term, or provision shall not be a part of this Agreement.

(c)  The headings are for the convenience of the parties, and are not to be construed as terms or conditions of this Agreement.

(d)  This Agreement may be signed in counterparts, all of which shall constitute one agreement. Signatures transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes

(e)  If any provision or portion of a provision of this Agreement is waived by the Company or Former Employee or is determined to be unlawful or unenforceable, the waiver or finding of unlawfulness or unenforceability will not act as a waiver or finding of unlawfulness or unenforceability of any other provision or portion of a provision of this Agreement.

(f)  The Former Employees and the Company affirm that the only consideration for their agreement to execute, and their execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused her to execute the Agreement; that each fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect.

14. Binding Effect.  This Agreement shall be binding on and inure to the benefit of each of the parties hereto, as well as their respective successors, assigns, heirs, executors and administrators.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have caused this Agreement to be duly executed as of the date first above written

Civil Action No. 1:16-cv-01359-TWT
Settlement Agreement between the Company and the Former Employees
Page 7 of 7

**By the Former Employees:**

*[signature]*
**Jawanza Smith**
Date:  April 24, 2016

*[signature]*
**Carlo Burney**
Date:  April 24, 2016

*[signature]*
**Stanley Hill**
Date:  April 24, 2016

*[signature]*
**Carlon Lewis**
Date:  April 24, 2016

*[signature]*
**Brian Wynn**
Date:  April 24, 2016

**By the Company**

**For Ideal Towing, LLC.**
By: _____
Its: _____
Date: April 25, 2018

**I Tow & Transport, LLC**
By: _____
Its: _____
Date: April 25, 2018

_____
**Michael James**
Date:  April 25, 2018

_____
~~Tisha James~~   T.J.
TISHJA
Date:  April 25, 2018